UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LINDA K. SEYMOUR and RICHARD A. CULBERTSON,**

       Plaintiffs,

v.                                    Consolidated Case No: 6:16-cv-2147-Orl-41KRS

**COMMISSIONER OF SOCIAL SECURITY and B. SMITHERMAN,**

       Defendants.

AND

**OLGA OCTELUS,**

       Plaintiff,

v.                                    Case No: 6:17-cv-557-Orl-41KRS

**COMMISSIONER OF SOCIAL SECURITY,**

       Defendant.

AND

**TIMOTHY WAYNE BAKER,**

       Plaintiff,

v.                                    Case No: 6:16-cv-2174-Orl-41KRS

**COMMISSIONER OF SOCIAL SECURITY,**

       Defendant.

AND

MIGUEL CAMACHO and RICHARD A.
CULBERTSON,

        Plaintiffs,

v.                                                        Case No: 5:17-cv-12-Orl-41KRS

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Opposed Motion to Dismiss ("Motion" Doc. 20). United States Magistrate Judge Karla R. Spaulding issued a Report and Recommendation ("R&R" Doc. 22), recommending that the Court grant the Motion. In the R&R, Judge Spaulding determined that the Motion was a "factual attack" on jurisdiction as opposed to a "facial attack." (*Id.* at 4–5). In a "factual attack" the pleadings are not afforded the presumption of truthfulness and the Court may consider exhibits attached to both parties' memoranda. (*Id.*). She concluded that the Plaintiffs' claims are not subject to judicial review under 42 U.S.C. Section 405(g), which "is the exclusive source of federal court jurisdiction for Social Security cases . . . ." (*Id.* at 12). Section 405(g) limits review of determinations under the Social Security Act to "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . ." 42 U.S.C. § 405(g). The meaning of "final decision" is left to the Social Security Agency ("SSA") to determine by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Judge Spaulding then explained that an award of attorney's fees by the SSA is not a final decision, and it is not made "after a hearing," and as such it cannot be reviewed by a district court. (Doc. 22 at 13) (citing 20 C.F.R. § 404.1720).

Judge Spaulding also determined that Plaintiffs have not stated a colorable due process claim. (*Id.* at 14). She found that the Commissioner of Social Security ("Commissioner") has broad discretion to determine what is a reasonable fee, and the Commissioner did not exceed her discretion in relying on the agency's own Program Operations Manual System ("POMS") to determine how and to whom to remit the attorney's fees. (*Id.* at 15). Instead, Judge Spaulding noted that the Commissioner's use of the POMS and its own interpretations of the Social Security Act is entitled to *Chevron* deference. (*Id.* at 16) (citing *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003)).

Finally, Judge Spaulding determined that there is no basis for the Court to exercise mandamus jurisdiction. (Doc. 22 at 17). Mandamus jurisdiction is appropriate when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). Judge Spaulding concluded that the Commissioner complied with published, public guidance for direct payment of attorney's fees and did not have a discretionary duty to award attorney's fees inconsistently with those guidelines. (Doc. 22 at 17–18). Additionally, Judge Spaulding found that Plaintiffs failed to demonstrate that there was not an adequate alternative remedy available to them. (*Id.*).

Plaintiffs subsequently filed an Objection (Doc. 23) to the R&R. In the Objection, Plaintiffs argue that the Motion to Dismiss should not be granted because: (1) the Commissioner paid some of the fees due to Mr. Culbertson to Ms. Campbell in violation of the fee agreements approved by four ALJs; (2) the Commissioner has a duty to comply with the fee agreement authorized by the ALJs and does not have the authority to distribute fees differently; (3) the POMS do not deprive the Court of jurisdiction over this case, and in fact require the Commissioner to distribute fees in

accordance with the fee agreement; (4) the POMS have been changed since this dispute arose and as such the Commissioner cannot rely on the old versions; and (5) Plaintiff Culbertson would likely lose at the state level, making potential alternative remedies useless and mandamus relief appropriate. (*See generally id.*).

After a *de novo* review of the record, the Court agrees entirely with the R&R. As Judge Spaulding concludes, the award of attorney's fees at the administrative level is not a final decision, nor is it made after a hearing and thus is not subject to judicial review. *See Gravina v. Barnhart*, No. cv 05-410-TUC-CKJ, 2005 U.S. Dist. LEXIS 27652 at *3 (D. Ariz. 2005) ("Because a determination of an appropriate fee is not an initial determination, review of such a determination would not be subject to judicial review."); *Byrd v. Harris*, 509 F. Supp. 2d 1222, 1225 (E.D. Tenn. 1981) ("Attorneys have no right to an administrative hearing on the issue of the amount of fees to be awarded and such fees may be awarded without a hearing.").

Plaintiffs rely on *Binder & Binder, P.C. v. Astrue*, to support their assertions that the Commissioner has a duty to distribute fees in accordance with the fee agreement, and that the Court has jurisdiction to decide the case under a writ of mandamus. 848 F. Supp. 2d 230 (E.D.N.Y. 2012). Plaintiffs neglected to inform the Court that *Astrue* was abrogated by the Second Circuit in *Binder & Binder, P.C. v. Colvin*, on precisely this issue. 818 F.3d 66, 70 (2nd Cir. 2016). Additionally, *Astrue* addressed the duty to withhold the full amount of certified fees and then to pay that amount to plaintiff. This is inapposite to the discussion before the Court, where the correct amount of fees was withheld by the SSA, and the dispute instead is over whether the Commissioner was correct in following internal policies in the method of distribution.

The SSA POMS manual is "a publicly available operating manual for processing social security claims." *Wells v. Comm'r of Soc. Sec.*, 430 F. App'x. 785, 785 (11th Cir. 2011). The

amendments to POMS that Plaintiffs cite to and relies on are irrelevant in this proceeding, as the amendments are not retroactive. For purposes of this proceeding, the correct version of POMS is the version in place at the time of the distribution, which Judge Spaulding correctly applied. Plaintiffs are correct that the Commissioner must withhold and distribute the fees according to the fee agreement. However, as Judge Spaulding lays out in the R&R, the Commissioner is required to use discretion in determining the fees and who is entitled to them. POMS informs public and directs the Commissioner on how the fees will be distributed in accordance with the fee agreement and the Commissioner's discretion. Plaintiffs' arguments "fail to rebut Chevron's presumption that the SSA's interpretation of the statute should be controlling." *Stroup*, 327 F.3d at 1262. POMS do not have the force of law, but they are persuasive. *Id.*

Finally, as Judge Spaulding noted "[m]andamus relief is only appropriate when . . . no other adequate remedy is available. Put another way, a writ of mandamus 'is intended to provide a remedy for a plaintiff only *if he has exhausted all other avenues of relief* and only if the defendant owes him a clear nondiscretionary duty.'" *Eldeeb v. Chertoff*, 619 F. Supp. 2d 1190 (M.D. Fla. 2007) (emphasis added) (*citing Cash*, 327 F.3d at 1257). Leaving aside the discussion of duty, Plaintiffs may not like the potential alternative options available, but as Plaintiffs have not exhausted all other avenues of relief, mandamus relief is not available to Plaintiffs at this time.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 22) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendant's Opposed Motion to Dismiss (Doc. 20) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED**.

3. The Clerk is directed to enter a copy of this Order in each member case: 6:17-cv-557-Orl-41KRS; 6:16-cv-2174-Orl-41KRS; 5:17-cv-12-Orl-41KRS.

4. The Clerk is also directed to close this case as well as each member case.

**DONE** and **ORDERED** in Orlando, Florida on November 27, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record